## 37250. PENDIGRASS et al. v. EDMONDS.

HILL, Presiding Justice.

Plaintiff filed suit alleging acts by the defendant which would appear to violate Code Ann. §§ 106-505 and 106-702. Defendant filed a motion to dismiss on the grounds that "The act on which plaintiff bases his complaint is unconstitutional and the action should therefore be dismissed" and "If the court holds the act on which Plaintiff bases his complaint is constitutional, then Plaintiff's complaint should be dismissed because he failed to give the Defendant notice as required under the act prior to instituting legal proceedings."

The trial court, after hearing, overruled defendant's motion to

dismiss. When the case was called for trial, defense counsel had "lost contact" with the defendant and the jury returned a verdict for the plaintiff. Defendant appeals.

1. On appeal defendant contends that Code Ann. § 106-505 is unconstitutional as a violation of Code Ann. § 2-1312. The motion to dismiss does not cite this constitutional provision. There is no brief in support of the motion to dismiss. There is no transcript of the hearing on the motion to dismiss. In fact, nowhere in the record is there any reference to the constitutional provision now relied upon. The courts are not required to search the Constitution for litigants. The constitutional issue not having been properly presented to the trial court, this enumeration of error is not decided.

2. The notice requirement relied upon by the defendant is in Code Ann. § 106-1210 (b), part of the "Fair Business Practices Act of 1975" (Ga. L. 1975, p. 376). Defendant argues that this 1975 act repealed the Code sections relied upon by plaintiff and requires 30 days notice prior to filing suit. However, the 1975 act provides in Sec. 19 (Ga. L. 1975 at 392-393) that it is cumulative with other laws and not exclusive. As plaintiff did not rely on the 1975 Fair Business Practices Act, the 30 days' notice requirement of that act is not applicable here.

3. The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 1981.

*S. M. Landress,* for appellants.
*Adkins & Robertson, Russell L. Adkins, Jr.,* for appellee.